[Cite as *State v. Rhodus*, 2016-Ohio-7292.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

 Appellee

v.

Vicki Rhodus

 Appellant

Court of Appeals Nos. L-14-1255
L-14-1256

Trial Court Nos. CR0201401470
CR0201402091

**DECISION AND JUDGMENT**

Decided:  October 7, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brad A. Smith, Assistant Prosecuting Attorney, for appellee.

Eric Allen Marks, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

**{¶ 1}** Appellant, Vicki Rhodus, appeals the judgment of the Lucas County Court of Common Pleas, convicting her of nine counts of theft of drugs.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} In the months of August and September 2012, appellant was working as a registered nurse. During that time period, she was assigned to the neurological surgery unit on the 9th floor of the Toledo Hospital. As a nurse, part of her job duties included the administration of certain medications to her assigned patients. Medication distribution at the Toledo Hospital is controlled through a Pyxis machine. The Pyxis machine is an automated medication dispensary which allows a nurse to receive medication to administer to patients. It records the doctor's order, the time the medication is removed, the name of the nurse who removes the medication, the name of the patient, and the time the medication is either administered to a patient or wasted.

{¶ 3} On nine separate occasions between August 1 and September 16, 2012, appellant removed dilaudid, a schedule II narcotic painkiller, from the Pyxis machine without her patient being prescribed that particular medication. Typically, a nurse would not be able to dispense medication from the machine that was not ordered by the doctor; however on each of these occasions, appellant used the override to dispense the medication outside of a doctor's order. Pyxis records indicate that on seven occasions, the medicine was wasted, while there is no indication what happened on the other two occasions. The record is clear that in none of the nine instances was the medication administered to the patient.

{¶ 4} On March 24, 2014, appellant was indicted on one count of theft of drugs, in violation of R.C. 2913.02(A)(3) and (B)(6), a felony of the fourth degree. The indictment

2.

alleged that on or about August 3, 2013[1], appellant deprived the owner of property, that she knowingly obtained or exerted control over that property by deception, and that the property stolen was a dangerous drug.

{¶ 5} After pretrial negotiations failed, appellant was indicted on eight additional counts of theft of drugs, in violation of R.C. 2913.02(A)(3) and (B)(6), all felonies of the fourth degree. But for the date, the language of the additional counts mirrored the language of the original indictment. All nine counts were then set for a bench trial on September 8, 2014.

{¶ 6} Prior to the commencement of trial, the state requested that all nine charges be amended to reflect an alternative theory of guilt. Specifically, the state requested that the indictments be amended to include the language in R.C. 2913.02(A)(2), that appellant knowingly obtained the property beyond the scope of the expressed or implied consent of the owner or person authorized to give consent. Defense counsel objected, arguing that the amendment would change the nature of the offense. After brief arguments, the court agreed with appellant and denied the amendments. The case then proceeded to trial.

{¶ 7} At the close of evidence, the state renewed its motion to amend the indictments. The state submitted case law supporting its position that the amendment should be allowed. Defense counsel again objected, and the court took the matter under advisement before proceeding to closing arguments. After closing arguments, the court

---

[1] This indictment was subsequently amended, without objection, to reflect the correct date of August 3, 2012.

3.

began deliberations. Before deliberations were completed, the court announced its decision to accept the amendments requested by the state. The court then gave appellant the opportunity to present additional evidence in her defense of the charges as amended. Appellant's trial counsel noted that although he may have defended the case differently, there was no additional evidence to be presented. The court then continued its deliberation.

{¶ 8} On September 10, 2014, the court found appellant guilty on all nine counts of theft. Specifically, the court found that the state had proven beyond a reasonable doubt that defendant had committed theft under the original language of the indictments, and also under the alternative theory pursuant to R.C. 2913.02(A)(2). On October 30, 2014, appellant was sentenced to three years of community control with certain added conditions. Appellant's timely consolidated appeal followed.

## B. Assignments of Error

{¶ 9} On appeal, appellant has raised the following assignments of error for our review:

**FIRST ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY AMENDING THE INDICTMENTS.

**SECOND ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY FAILING TO NOTIFY APPELLANT OF HER RIGHT TO HAVE A NEW TRIER OF FACT.

## II. Analysis

{¶ 10} In her first assignment of error, appellant suggests that the trial court erred to the prejudice of appellant by allowing the state to amend the indictments to reflect an alternative theory of theft. Appellant argues that the amendment changed the identity of the crime charged by substituting the elements necessary for a conviction. We disagree.

{¶ 11} Crim.R. 7(D) allows for the amendment of indictments under certain circumstances and reads in pertinent part:

> **(D) Amendment of indictment, information, or complaint.** The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.

{¶ 12} Appellant concedes that the amendment allowing the state to prove both R.C. 2913.02(A)(2) and (A)(3) does not change the name of the crime charged, but suggests that changing specific elements alters the identity of the crime.

{¶ 13} Appellant was originally indicted under R.C. 2913.02(A)(2), which requires proof that appellant 1) with purpose to deprive the Toledo Hospital of certain drugs; 2) knowingly obtained or exerted control over those drugs; 3) and that she did so by deception. The alternative theory, under R.C. 2913.02(A)(3), requires the same proof of the first two elements. The third element under the alternative theory was that she did

5.

so beyond the scope of the express or implied consent of the Toledo Hospital or a person authorized to give consent.

{¶ 14} Appellant argues that this court, in *State v. Leister*, 6th Dist. Lucas No. L-93-012, 1993 Ohio App. LEXIS 5895 (Dec. 10, 1993), decided this issue in appellant's favor. We find our decision in *Leister* distinguishable from the case sub judice. In *Leister*, the defendant was charged with vandalism, purporting that he had done $300 worth of damage to property used by its owner in the owner's course of business. Prior to trial, the state moved to amend the indictment to instead claim that the defendant had done damage to property, regardless of value, that was necessary for the owner to engage in his profession. In that case, we held that the amendment changed the identity of the crime by adding the element of necessity, an element the defendant was unaware he would have to defend against.

{¶ 15} The state points to the First District's finding in *State v. Nelson*, 1st Dist. Hamilton Nos. C-910658, C-910663, 1992 Ohio App. LEXIS 4812 (Sep. 23, 1992). In *Nelson,* the court dealt with the same amendment argued in the case sub judice. In finding the amendment appropriate, the court held that "the amended language did not change the name or identity of the theft offense within the meaning of Crim.R. 7(D)." *Id.* at 9. In making this decision, the court noted that "the bill of particulars provided appellant with the facts necessary to defend against the charge that the money was taken beyond the scope of the express or implied consent of the city's police officers." *Id.*

6.

{¶ 16} Although appellant correctly states that the decision of the First District is not binding upon this court, we agree with the rationale behind the decision. Just as in *Nelson*, the record in this case demonstrates that the state provided sufficient discovery to appellant so that she was aware of the allegations against her. Further, the state provided a bill of particulars, specifically laying out the exact allegations against appellant. Those allegations remained constant between the original charge and the alternative theory provided for in the amendment. Further, the trial court offered appellant the opportunity to present additional evidence to defend against the alternative theory. Appellant's counsel, after discussing this with appellant, informed the court that additional evidence would not be necessary.

{¶ 17} Finally, we would note that the court specifically found that the state had proven that appellant had committed theft under the initial language of the complaint, as well as the language of the amendment. Therefore, we find that appellant has not been prejudiced in any way by the amendment.

{¶ 18} Because we find that the amendment did not change the name or identity of the theft offense, the amendment was proper under Crim.R. 7(D). As such, appellant's first assignment of error is not well-taken.

{¶ 19} In her second assignment of error, appellant argues that the court abused its discretion by not affording her the right to have a new trier of fact after allowing the amendment. We would note at the outset that appellant never asked to remove the trier of fact in this case.

7.

{¶ 20} Appellant argues that when an indictment is properly amended under Crim.R. 7(D), the accused is afforded the right to a discharge of the jury or a continuance, and as such, an accused in a bench trial should be afforded the opportunity to discharge the judge and proceed with a new trier of fact.

{¶ 21} Appellant relies on *State v. Martin*, 12th Dist. Brown No. CA200309011, 2004-Ohio-4309. In *Martin*, after an amendment was allowed, which unlike in the present case, did change the name and identity of the charge, the court asked the defendant if he was requesting to discharge the trier of fact or declare the trial a nullity. On appeal, the defendant argued that the case should not have been allowed to proceed until the prejudice was cured by the filing of a new jury waiver. *Id.* at ¶ 25. Ultimately, and contrary to appellant's position, the court in *Martin* held that the trial court did not err by not reopening the case or not obtaining a new jury waiver. *Id.* at ¶ 37. The court also found that the trial court did not abuse its discretion in permitting an amendment of the indictment and proceeding to the conclusion of the trial. *Id.* In making this finding, the court stated:

> We agree that considerations should be made of whether the amendment was misleading to or prejudiced appellant. However, we are not persuaded by appellant's bare assertions of prejudice. Appellant did not delineate how he would have handled the evidentiary portion of the trial differently. *Id.* at ¶ 29.

8.

**{¶ 22}** Consistent with the court in *Martin*, appellant's bare assertions of prejudice are not persuasive. We find nothing in Crim.R. 7 to support the proposition that a new jury waiver must be filed after an indictment is amended. Consequently, we find that the court did not abuse its discretion in failing to notify appellant of a right to have a new trier of fact. Appellant's second assignment of error is not well-taken.

### III.  Conclusion

**{¶ 23}** Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                               JUDGE
Thomas J. Osowik, J.

Stephen A. Yarbrough, J.      _____
CONCUR.                                                JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.